**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division)**

| | |
|---|---|
| **WASHINGTON & COMPANY, LLC**<br>a North Carolina limited liability company,<br><br>Plaintiff,<br><br>v.<br>**WASHINGTON AND CO., INC.,**<br>a Maryland corporation,<br>Prince George's County, Maryland,<br><br>Defendant. | **Civil Action No. ________________________**<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN</u>**

Plaintiff Washington & Company, LLC ("Plaintiff"), by undersigned counsel, alleges against Defendant Washington & Co Inc. ("Defendant") as follows:

**<u>NATURE OF ACTION</u>**

1. This action concerns Defendant's infringing use of the WASHINGTON & CO and design trademark and related name "WASHINGTON & CO. INC. (together, the "Accused Mark and Name") in connection with providing accounting, tax, chief financial officer, financial-strategy, and business-advisory services. Defendant's use of the Accused Mark and Name is likely to cause confusion with Plaintiff's WASHINGTON & CO. and WASHINGTON & COMPANY trademarks, including confusion about business identity or affiliation.

2. Plaintiff seeks relief under 15 U.S.C. §§ 1114 and 1125(a), including injunctive relief, and other relief provided and authorized by law.

**<u>PARTIES</u>**

3. Plaintiff is a North Carolina limited liability company with its principal place of business in Cary, North Carolina. Plaintiff provides business consultancy, business organization and management consulting, professional development, and related advisory services.

4. Defendant is identified in Maryland's SDAT corporate records as Washington & Co Inc., formerly Washington Accounting Services Inc. Upon information and belief, Defendant is a Maryland corporation with its principal place of business in Bowie, Maryland.

5. Defendant uses the Accused Mark and Name in advertising, offering, and providing accounting, tax, CFO, client-advisory, financial-strategy, operational advice, and related services in this Judicial District. See Exhibit 1.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because it is incorporated in Maryland. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this Judicial District.

## FACTUAL ALLEGATIONS

8. Plaintiff Washington & Company, LLC was organized in North Carolina on December 2, 2008, and has continued to conduct business under the WASHINGTON & COMPANY trademark since its formation. See Exhibit 2.

9. Plaintiff provides business consulting, management consulting, organizational development, leadership development, strategic planning, professional training for project management, and related advisory services to governmental, nonprofit, and other institutional customers.

10. Plaintiff has been marketing and promoting its services in association with the WASHINGTON & CO marks since at least as early as 2011. A screen capture of its website www.washingtonandco.com, published on December 6, 2012, displays an exemplary use of Plaintiff's mark, and is attached as Exhibit 3.

11. Plaintiff has been providing services in this Judicial District in association with its mark since at least as early as September 30, 2011, as reflected by its invoice to the American Heart Association's Mid-Atlantic Affiliate in Baltimore, Maryland. See Exhibit 4.

12. Since 2011, Plaintiff has continuously provided services to customers in Maryland and the District of Columbia in association with its WASHINGTON & CO and WASHINGTON & COMPANY trademarks, including to the U.S. Navy's Strategic Systems Programs organization (Exhibit 5), the U.S. Army Corps of Engineers (Exhibits 6 and 7), the Naval Surface Warfare Center Carderock in West Bethesda, Maryland (Exhibit 8), and the Department of Homeland Security (Exhibit 9).

13. Plaintiff's commercial activities in Maryland and Washington, D.C. preceded Defendant's July 2024 corporate name change from WASHINGTON ACCOUNTING SERVICES INC. to WASHINGTON & CO INC by many years. See Exhibit 10.

14. Plaintiff's use of the WASHINGTON & COMPANY and WASHINGTON & CO. trademarks in connection with its professional services has established common law rights to these trademarks in Maryland and the District of Columbia that predate Defendant's use of the Accused Mark and Name.

15. Plaintiff owns U.S. Registration No. 8,229,506 for the standard-character mark WASHINGTON & CO., which was issued on April 28, 2026, on the Principal Register for "Business organization and management consulting" in International Class 35. Exhibit 11 is a copy of the registration certificate.

16. Plaintiff owns U.S. Registration No. 8,399,326 for the standard-character service mark WASHINGTON & COMPANY, issued on August 18, 2026, on the Principal Register for "Business consultancy" in International Class 35. Exhibit 12 is a copy of the registration certificate.

17. The Defendant's use of the WASHINGTON & CO mark on its website (Exhibit 1) is identical to the mark registered by Plaintiff. Further, Defendant's addition of the corporate suffix "Inc." in its corporate name does not eliminate or diminish the likelihood of confusion. Plaintiff provides diverse business and management consulting, and Defendant's website reflects that it provides accounting, CFO, financial-strategy, and related business-advisory services. Upon information and belief, the parties have overlapping

categories of customers and organizational decision-makers through online and other professional-services channels.

18. Defendants' use of the Accused Mark and Name has created actual confusion. Since Defendant adopted the Accused Mark and Name, Plaintiff has received multiple misdirected emails and phone calls apparently intended for Defendant.

19. Plaintiff sent a first cease-and-desist email to Defendant on September 15, 2025, and a second letter by certified mail on August 20, 2026, providing Defendant notice of the infringing use and demanding that the activity stop.

20. Defendant has continued to use the Accused Mark and Name after notification by Plaintiff of its infringing use. Defendant’s continued use is likely to cause confusion regarding the identity or affiliation of the parties, the origin of the respective services, and therefore has caused or will cause injury to Plaintiff’s goodwill and control over its commercial identity.

## COUNT I

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

## SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(A)

21. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

22. Plaintiff has used the WASHINGTON & COMPANY and WASHINGTON & CO. trademarks in connection with its business consulting, management consulting, organizational development, leadership development, professional training, and related advisory services since 2009, and this use has established common-law trademark rights in its marks within those geographic markets in which it has provided services, including within Maryland and the District of Columbia.

23. Plaintiff’s longstanding promotion and provision of services in Maryland and the District of Columbia in association with its trademarks has established protectable trademark rights in its WASHINGTON & CO and WASHINGTON & COMPANY marks.

24. On July 2, 2024, Defendant filed Articles of Amendment with the Maryland State Department of Assessments and Taxation identifying its former corporate name as WASHINGTON ACCOUNTING SERVICES INC. and stating that it was adopting the new corporate name WASHINGTON & CO INC.

25. Defendant's corporate name change occurred after Plaintiff had established its trademark rights in the marks WASHINGTON & COMPANY and WASHINGTON & CO for professional consulting and related services.

26. Defendant's WASHINGTON & CO INC. mark is substantially similar in wording, pronunciation, appearance, and overall commercial impression to Plaintiff's WASHINGTON & CO. and WASHINGTON & COMPANY marks.

27. Plaintiff offers business and management consulting, organizational development, leadership training, and related advisory services, while Defendant markets accounting, tax, CFO, financial strategy, client-advisory, and related business services.

28. In view of the similarities of the parties' marks considered together with the related professional services that are provided to potentially overlapping categories of institutional and business customers, Defendant's use of the Accused Mark and Name is likely to confuse the identity, affiliation, connection, association, sponsorship, or approval of their respective businesses and services.

29. Since Defendant's adoption of its Accused Mark and Name, Plaintiff has received employment inquiries and misdirected email intended for Defendant, which is evidence of actual confusion concerning the parties' commercial identities.

30. Defendant's continued use of the Accused Mark and Name creates a likelihood of confusion among persons seeking to identify, contact, evaluate, retain, or conduct business with the parties, including institutional customers in geographic markets in which Plaintiff has established legally protectable trademark rights.

31. Defendant's use of the WASHINGTON & CO mark and WASHINTON & CO, INC. name constitutes false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a)(1)(A) since such use is likely to cause confusion with respect to Plaintiff's protected trademark rights.

32. Plaintiff has suffered or is likely to suffer injury to its business identity, goodwill, and ability to distinguish its professional services from those offered by Defendant as a result of the alleged confusion.

33. Plaintiff seeks injunctive relief under 15 U.S.C. § 1116 and such additional relief as may be established by the evidence and authorized by law.

**COUNT II**

**MARYLAND COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

34. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

35. Plaintiff has used the WASHINGTON & COMPANY and WASHINGTON & CO. trademarks in connection with its business consulting, management consulting, organizational development, leadership development, professional training, and related advisory services in this Judicial District since as early as 2011.

36. Plaintiff’s adoption and use of its marks in connection with its Maryland business activities have established legally protectable trademark rights and associated goodwill in Maryland.

37. Defendant conducts business in Maryland under the Accused Mark and Name.

38. Defendant's Accused Mark and Name is substantially similar to Plaintiff's trademarks, and Defendant uses the Accused Mark and Name in connection with professional business services offered to potentially overlapping categories of commercial and institutional customers.

39. Defendant's use is likely to cause confusion concerning the identity, source, affiliation, connection, or association of the parties' respective businesses and services.

40. Defendant's use of the Accused Marks and Name has caused or threatens injury to Plaintiff's business identity, goodwill, and ability to distinguish its professional services within the relevant Maryland market.

41. Plaintiff seeks relief under Maryland common law, including damages and injunctive relief to the extent supported by the evidence.

**COUNT III**

**INFRINGEMENT OF REGISTERED MARKS (15 U.S.C. § 1114)**

42. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43. Plaintiff owns Registration Nos. 8,229,506 and 8,399,326 for the marks and services identified above.

44. Without Plaintiff's consent, Defendant uses the Accused Mark and Name in commerce in connection with advertising, offering, and providing its services.

45. Defendant's use of the Accused Mark and Name is likely to cause confusion, mistake, or deception regarding the source, affiliation, connection, sponsorship, or approval of the parties' services, in violation of 15 U.S.C. § 1114 and has injured, and continues to injure Plaintiff.

**REQUEST FOR INJUNCTIVE RELIEF**

46. Plaintiff requests a permanent injunction tailored to stop Defendant's infringing use of the Accused Mark and Name in connection with the services and within those markets in which Plaintiff has established its rights, to the extent permitted by 15 U.S.C. § 1116 and other applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant and asks the Court to:

A. Enter judgment on Counts I, II, and III;

B. Permanently enjoin Defendant and persons bound under Federal Rule of Civil Procedure 65(d)(2), on appropriate notice, from using the Accused Mark and Name or other designations found confusingly similar to Plaintiff's marks in connection with the same or related business services.

C. Order the removal or correction of infringing commercial materials and, to the extent authorized by 15 U.S.C. § 1118, destruction or other disposition of infringing materials;

D. Require a compliance report under oath to the extent authorized by 15 U.S.C. § 1116(a);

E. Award such monetary relief, taxable costs, and attorneys' fees as are authorized by applicable law and supported by evidence at trial; and

F. Grant such other relief as is just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable under Federal Rule of Civil Procedure 38.

Dated: September 30, 2026

Respectfully submitted,

By:/Andrew C Aitken_________
Andrew C. Aitken, Esq. ( #06413).
Aitken Law Offices
6701 Democracy Blvd. Ste 555
Bethesda, Maryland, 20817
Phone: (301) 537-3299
Email: acaitken@aitkenlawoffices.com

David Washington, Esq.
(*Pro Hac Vice Pending*)
106 Fountain Brook Circle, Suite C.
Cary, NC 27511
Phone: (919) 256-3774
Email: david@washingtonandco.com

**EXHIBIT INDEX**

EXHIBIT 1: Screen Capture of Defendant's website
EXHIBIT 2: North Carolina Articles of Organization, filed December 2, 2008.
EXHIBIT 3: Screen Capture of Plaintiff's website,
EXHIBIT 4: 2011 American Heart Association invoice quote.
EXHIBIT 5: 2014 Navy Strategic Systems Programs contract.
EXHIBIT 6: 2016 USACE Washington, D.C. contract.
EXHIBIT 7: 2016 USACE Baltimore invoice.
EXHIBIT 8: 2017 Navy Carderock contract.
EXHIBIT 9: 2018 DHS training invoice.
EXHIBIT 10: Maryland Articles of Amendment filed July 2, 2024 (corporate name change).
EXHIBIT 11: U.S. Registration Certificate No. 8,229,506 (WASHINGTON & CO.).
EXHIBIT 12: U.S. Registration Certificate No. 8,399,326 (WASHINGTON & COMPANY).